MR. JUSTICE WEBER
delivered the Opinion of the Court.
St. Vincent Hospital (Hospital) and its insurer appeal the judgment of the Workers’ Compensation Court granting permanent total disability benefits to Faye Soelter. The Workers’ Compensation Court concluded that liberal interpretation of the Act allowed it to resolve a conflict in medical testimony by finding as facts only those medical opinions which substantiated the claim. We reverse the judgment of the Court.
The uncontested facts are that claimant was injured in an industrial accident in December 1977 in the course of her employment by the Hospital. The claim was accepted and compensation benefits were paid from November 16, 1978 to November 20, 1980. At the time of trial, claimant was a 48 year old divorced woman with an eighth grade education. Her work experience consisted of working as a nurses’ aide for the preceding twelve years. While lifting a patient into a wheelchair on December 26, 1977, claimant suffered the injury.
*52 The findings of fact of the court regarding medical evidence can be summarized as showing that Dr. Nelson made extensive examinations; that Dr. Snider performed a laminectomy; that claimant had complained of severe lower back pain; that the laminectomy was aimed at relieving that pain; that claimant continued to complain of lower back pain; that by October 7, 1980, claimant had recovered as much as the permanent character of her injuries would permit; that subsequent to October 7, 1980, claimant has continued to complain of lower back pain to the four different doctors who examined her; that claimant has not been malingering; that based on Dr. Nelson’s deposition, claimant’s condition may be summarized as a chronic back disorder; that claimant is obese; and that her obesity is not the cause of her chronic back disorder.
Regarding psychological evidence, the court further found that claimant had a hypochondriacal personality, which her doctor defined as one who tends to be preoccupied with physical illness or symptoms which she may have and which she interprets as being a physical illness of some kind; that the chronic pain from the industrial accident and surgeries aggravated claimant’s pre-existing psychological condition; that psychological counseling or psychotherapy would not cure claimant’s hypochondria, but could relieve her from depression, agitation and anxiety; that claimant has not been receptive to receiving psychological counseling; and that claimant does not believe she has a psychological problem.
The court further found that claimant has chronic lower back pain and that pain prevents her from doing some of the housework she previously had done; that claimant cannot return to work as a nurses’ aide; that claimant cannot work at a job requiring repetitious bending, lifting or stooping; and that claimant is physically capable of doing sedentary or other undemanding work.
After making these and other findings, the Workers’ Compensation Court concluded that claimant’s physical healing *53 is complete and that, as a result of her industrial accident, claimant has been permanently totally disabled since October 7, 1980. The issues presented by the Hospital are:
(1) Does the Workers’ Compensation Act require liberal construction of the expert medical testimony so that only testimony which supports the claim is taken as fact and adverse testimony is disregarded?
(2) Did the Workers’ Compensation Court err in finding claimant to be permanently totally disabled because she could not return to her occupation as a nurses’ aide?
I
The first issue arises from the following conclusions of the Workers’ Compensation Court:
“The medical testimony cannot in this case be harmonized. Because this testimony was before this Court in the form of depositions, it was not in a position to observe the demeanor of the physicians or judge their credibility. But even if they had personally appeared before this Court, how on the basis of the credibility of the witnesses is this Court to resolve Dr. Smith’s conclusion that the Claimant can return to work as a nurse’s aide . . . and Dr. Snider’s conclusion that she cannot? . . . Dr. Smith is a neurological surgeon and Dr. Snider is an orthopedic surgeon; . . . There are many other instances in the record where conclusions of the medical experts fall short of unanimity regarding her physical and mental conditions, their cause and their influence on her ability to work . . .
“. . . In resolving conflicts of this nature, the approach that is most consistent with the legislative directive that this Court interpret the provisions of the Act liberally and with the Supreme Court’s recognition that this directive is intended to carry out the humane purposes of the Act is to resolve the conflict in the deposition testimony of medical experts by finding as facts those expert medical opinions that will substantiate a claimant’s claim for compensation . . . Why should this Court penalize a claimant because the *54 experts in an inexact science disagree?

U

“Applying the above method of conflict resolution to the deposition testimony of the medical experts, this Court has found that the claimant injured her lower back in her industrial accident. . . and that she cannot return to work as a nurses’ aide.” (Emphasis supplied.)
We can understand the difficulty of analyzing the medical testimony of four different attending physicians whose conclusions differ. We can also understand the frustration in seeking to evaluate depositions without the opportunity to hear the medical testimony. Notwithstanding these difficulties, the claimant must prove her case by a preponderance of the probative credible evidence and the court must weigh all the evidence presented to it.
In Dumont v. Wickens Bros. Const. Co. (1979), 183 Mont. 190, 201, 598 P.2d 1099, 1105, this Court stated:
“Not only must claimant prove her case by a preponderance of the evidence, she must do so by a preponderance of the probative credible evidence.”
Section 39-71-104, MCA provides: “Whenever this chapter or any part or section thereof is interpreted by a court, it shall be liberally construed by such court.” In applying this rule of liberal construction, the Court has stated:
“Any doubt after all the evidence has been considered should be construed for the compensation claimant when the weight of evidence is in favor of the worker.” Hert v. J.J. Newberry Co. (1978), 178 Mont. 355, 365, 584 P.2d 656, 662.
This rule of liberal construction does not relieve the court of its duty to carefully consider all of the evidence before determining whether the weight of the evidence presented supports the worker’s claim. As we noted in Ness v. Diamond Asphalt Co. (1964), 143 Mont. 560, 565, 393 P.2d 43:
“Whenever physical ailments are involved, there is almost always some doubt present. We feel the doubt remaining *55 after all the evidence had been considered should be construed for the workman or his family when the weight of the evidence is in favor of the workman.” (Emphasis supplied.)
The conclusion of law of the Workers’ Compensation Court suggests that the court disregarded the medical evidence unfavorable to the claimant and based its conclusion only upon the medical evidence favorable to claimant. That the court is not allowed to do. The court is required to consider all of the evidence submitted by the parties without bias or favor toward or against any party. Though it may be simpler to disregard a portion of the medical evidence because it contradicts other medical evidence, the court is not permitted to do so.
Our function in reviewing a decision of the Workers’ Compensation Court is to determine whether there is substantial evidence to support the findings of fact and conclusions of that court. Small v. Transportation Insurance Co. (Mont. 1984), [209 Mont. 387,] 681 P.2d 1081, 41 St.Rep. 776, 781. We are unable to discharge that responsibility where the lower court has used an improper standard in weighing the medical evidence submitted to it. While it might be possible in other cases for us to review the medical evidence which is submitted in deposition form, in this case there is oral testimony on the part of the claimant and others, which must also be balanced by the lower court.
We conclude that the Workers’ Compensation Court may not arbitrarily reject medical evidence because it does not substantiate a claim for compensation. Liberal construction of the Act does not allow the court to disregard some portion of the medical evidence before it.
II
Did the Court err in finding claimant permanently totally disabled because she could not return to her former occupation as a nurses’ aide?
Because of the position taken by the court regarding the *56 medical evidence, we are not able to review the conclusion of the court. It appears that the Workers’ Compensation Court may have erroneously excluded evidence from its consideration in reaching the conclusion that claimant could not return to her former occupation as a nurses’ aide. We therefore require a redetermination of this question.
The judgment of the Workers’ Compensation Court is reversed and the cause is remanded to the court for its redetermination of facts, conclusions of law and judgment in a manner consistent with this opinion.
MR. JUSTICES HARRISON, SHEA and GULBRANDSON and the HONORABLE HENRY LOBLE, DISTRICT JUDGE, sitting for MR. JUSTICE SHEEHY concur.